ROBERT G. AULD, Respondent, v. SEARS, ROEBUCK & Co., Appellant.— Judgment of the City Court of White Plains reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Carswell, Johnston, Adel and Close, JJ., concur with the following memorandum: The plaintiff, either in January, 1936, or January, 1937, purchased an electric washing machine from the defendant. It was used weekly to do the washing for a family of four from the date of its purchase until August 3, 1938, when the plaintiff's wife was injured by the wringer swinging around suddenly and striking her at a time when she was pulling a sheet through the wringer. This action is based upon negligence in the manufacture of the machine, negligence in failing to inspect, negligence in failing to give warning of its inherently dangerous nature, and breach of warranty. The plaintiff has recovered a judgment for loss of his wife's services and for medical expense, from which the defendant appeals. The claimed defect is that of a certain pin and a ratchet into which it was designed to catch and hold the wringer in position. This pin is operated by a small lever or handle projecting from the housing. It has to be lifted up against the pressure of a spring. After the wringer is in the required position the pin is released and the spring holds it in the ratchet. It is conceded that this pin became worn with use. It is claimed that the pin was one-eighth of an inch shorter because of such wearing which, according to the plaintiff, affected both the sides and the end of the pin. An examination of the exhibit shows that the sides of the pin were rounded and the end was a plane surface. By wear and use the end became tapered and the sides worn off so that when a sheet was being put through the wringer the strain and stress, which was always tending to force the pin out of the ratchet, caused the pin to slip out of the ratchet, thus releasing the wringer and causing it to revolve rapidly on its power shaft. There was evidence from which the jury could find that the defendant held itself out as the manufacturer of the machine and its duty and liability is to be governed accordingly. (*Willson* v. *Faxon, Williams & Faxon*, 208 N. Y. 108.) However, there is no evidence that there was any inherently dangerous defect in the manner in which the machine was designed or manufactured. The proof is that many of these machines were in use, some of them in this same locality. While similar pins had become worn and had had to be replaced in a few of the machines, it was worn by the use to which the machine was put, and the evidence establishes that the usual life of such pins varies from two to two and one-half years. There is no duty upon the manufacturer to furnish a machine that will not wear out. Common sense and every-day experience teaches us that machinery will wear out. The remedy remains in having the machinery inspected periodically so that worn parts may be replaced. The cases relied upon by the respondent have no application. In none of them was the injury caused by a part of the machine or apparatus wearing out. Either the part was defective when installed (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382) and could have been discovered by inspection, or involved articles which did not disclose to the ordinary intelligence their properties either by their appearance or by information conveyed to the purchaser. Of the latter class *Halloran* v. *Parke, Davis & Co.* (245 App. Div. 727) and *Winkler* v. *American Sundries Co., Inc.* (249 id. 759; affd., no opinion, 275 N. Y. 490) are typical. Here we merely have a part of a machine

wearing out after long use. No liability attaches to either the manufacturer or the retailer under such circumstances. Lazansky, P. J., concurs for reversal, but dissents from the dismissal of the complaint and votes to order a new trial, with the following memorandum: The accident happened because of the wearing away of a pin, a part of the mechanism which was not exposed to view. The life of the unexposed pin was two years, while that of the wringer was ten years. This was known to defendant, which marketed the wringer as manufacturer. The jury may have found that a reasonably circumspect housewife would not know or be concerned about such unexposed part, which in this case became defective in two and a half years, or maybe less. There was presented for the jury a fair question as to whether the defendant should not have given notice on the sale of the wringer that an interior part might need replacement within two years, and that otherwise there would be danger in continued use of the wringer after that time. On such basis, plaintiff was entitled to recover. Plaintiff also pleaded a cause of action based on breach of warranty. Assuming that there may be recovery on that theory, the verdict was contrary to the law as charged by the court. The jury was instructed that unless there was a defect at the time of the sale there could be no recovery. The proof showed that there was no defect in the wringer at the time of the sale. It cannot be said that the warranty theory was not a basis of the verdict.