ANTONIO CAMPO, Appellant, *v.* CURTISS SCOFIELD et al., Respondents.

Argued October 10, 1950; decided November 30, 1950.

*Albert J. Waterman* and *George W. Watson* for appellant. I. The complaint sufficiently alleges plaintiff's right to recover for defendants' failure to equip the machine with a guard. (*O'Connell* v. *Westinghouse X-Ray Co.*, 261 App. Div. 8, 288 N. Y. 486; *O'Connor* v. *Webber*, 219 N. Y. 439; *Mitchell* v. *Reichman*, 266 N. Y. 476; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *Thomas* v. *Winchester*, 6 N. Y. 397; *Locke* v. *Pembroke*, 280 N. Y. 430; *Moore* v. *Bonbright & Co.*, 202 App. Div. 281.) II. The complaint sufficiently states a cause of action against defendants for their negligent failure to equip the machine with a stopping device, thereby aggravating plaintiff's injuries. (*Deegan* v. *Gutta Percha & Rubber Mfg. Co.*, 131 App. Div. 101; *Collins* v. *Waterbury Co.*, 144 App. Div. 670; *Johansen* v. *Eastmans Co.*, 44 App. Div. 270; *Weitzman* v. *Nassau Elec. R. R. Co.*, 33 App. Div. 585; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430; *Imperatrice* v. *Imperatrice*, 298 N. Y. 549.)

*James M. Ryan* for respondents. I. The sole theory upon which defendants' liability can be based is breach of a duty owed by a manufacturer to one using the manufactured article in the ordinary and expected manner. (*Turner* v. *Edison Stor. Battery Co.*, 248 N. Y. 73; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170.) II. The complaint fails to state a cause of action. (*Thomas* v. *Winchester*, 6 N. Y. 397; *Devlin* v. *Smith*, 89 N. Y. 470; *Davies* v. *Pelham Hod Elevating Co.*, 65 Hun 573; *Longmeid* v. *Holliday*, 6 Exch. 761, 155 Eng. Rep. 752; *George* v. *Skivington*, L. R. 5 Ex. 1; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Rosebrock* v. *General Elec. Co.*, 236 N. Y. 227; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *Genesee County Patrons Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; *Auld* v. *Sears, Roebuck & Co.*, 261 App. Div. 918, 288 N. Y. 515; *M'Alister* v. *Stevenson*, [1932] A. C. 562; *Grant* v. *Australian Knitting Mills*, [1936] A. C. 85.)

FULD, J. Plaintiff, working on his son's farm, was engaged in feeding onions into an "onion topping" machine, when his hands became caught in its revolving steel rollers and were badly injured. He brought suit against defendants, manufacturers of the machine, alleging that they had been negligent in failing to equip it with a guard or stopping device. The sufficiency of the complaint is challenged by motion under rule 106 of the Rules of Civil Practice.

The topping machine, on wheels and attached to a tractor which supplied the power for its operation, consisted of four hard steel rollers about four feet long and three inches wide set in a rectangular iron frame with wooden sides. The cutting was accomplished by the revolving and grinding of the steel rollers. In order to start or stop it, it was necessary to shift the gear on the tractor about fifteen feet away from where the operator of the machine stood.

The complaint — as supplemented by a bill of particulars — alleges that defendants manufactured and sold to Henry Benthin an onion-topping machine and that in November of 1945, while plaintiff was assisting in the harvesting of a crop of onions on the farm of his son and while he was dumping a crate of onions into the machine, his hands became caught in its revolving

rollers and were so injured that it became necessary to amputate them; that defendants impliedly represented to the public, and to plaintiff who relied on the representations, that the machine had been properly designed, manufactured and guarded and was a safe and proper machine to be used for topping onions, whereas in fact it was inherently dangerous; that the machine was "negligently manufactured, constructed, and designed" in that defendants "negligently and carelessly failed and omitted to provide and supply any guard or guards of any kind that would prevent the user of said machine from coming in contact with the * * * rollers * * * although it was entirely practicable and feasible" to have done so; and that, in addition, defendants were negligent "in failing to provide appliances * * * by the use of which * * * [the machine and rollers] might have been stopped or thrown out of gear before the hands of the plaintiff became caught in the pinch between the swift revolving rollers * * * thus lessening the extent of the injuries to the said plaintiff".

Since there is no claim of privity of contract between the defendant manufacturer and plaintiff, the complaint cannot, of course, be sustained on any theory of implied warranty. (See, e.g., *Turner* v. *Edison Stor. Battery Co.*, 248 N. Y. 73.) If it is to be upheld, it must be because it states a cause of action in negligence. The Appellate Division ruled that it does not, and we agree.

The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so. owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users. Examination of the complaint before us reveals the absence of any such recital. Apart from the purely conclusory allegations that the machine was negligently designed and constructed and was in a defective and imminently dangerous condition — which of course do not spell out a cause of action (see, e.g., *Schweitzer* v. *Mindlin*, 248 N. Y. 560; see, also, 3 Carmody on New York Practice [2d ed.], § 915, pp. 1745–1754) — the complaint merely recites that defendants failed and

omitted to provide any guards that would prevent the user of the machine from coming in contact with the revolving rollers and to provide a stopping device by means of which one whose hand became caught in the rollers could stop the machine and thereby lessen the extent of the injury. Entirely lacking is the slightest suggestion that the machine possessed a latent defect or a danger unknown to plaintiff; entirely lacking is any recital that the absence of guards or a stopping device was unknown to him; and entirely lacking is any allegation of fact indicating that defendants foresaw or should reasonably have foreseen a danger to one using the machine for its intended purpose. As we have observed, those omissions are fatal.

If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof. Just as the manufacturer is under no obligation, in order to guard against injury resulting from deterioration, to furnish a machine that will not wear out (see *Auld* v. *Sears, Roebuck & Co.*, 288 N. Y. 515, affg. 261 App. Div. 918), so he is under no duty to guard against injury from a patent peril or from a source manifestly dangerous. To illustrate, the manufacturer who makes, properly and free of defects, an axe or a buzz saw or an airplane with an exposed propeller, is not to be held liable if one using the axe or the buzz saw is cut by it, or if some one working around the airplane comes in contact with the propeller. In such cases, the manufacturer has the right to expect that such persons will do everything necessary to avoid such contact, for the very nature of the article gives notice and warning of the consequences to be expected, of the injuries to be suffered. In other words, the manufacturer is under no duty to render a machine or other article " more " safe — as long as the danger to be avoided is obvious and patent to all.

To impose upon a manufacturer the duty of producing an accident-proof product may be a desirable aim, but no such obligation has been — or, in our view, may be — imposed by judicial decision. Suffice it to note that, in cases dealing with a

manufacturer's liability for injuries to remote users, the stress has always been upon the duty of guarding against *hidden* defects and of giving notice of *concealed* dangers. (See, e.g., *Rosebrock* v. *General Elec. Co.,* 236 N. Y. 227 [electric transformers, improperly packed]; *MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382 [defective automobile wheel]; *Statler* v. *Ray Mfg. Co.,* 195 N. Y. 478 [imperfectly manufactured coffee urn]; *Torgesen* v. *Schultz,* 192 N. Y. 156 [defective aerated water bottle]; *Devlin* v. *Smith,* 89 N. Y. 470 [imperfectly constructed scaffold].) In point of fact, several of the cases actually declare that a duty is owed, a liability imposed, *only if* the defect or danger be not " known " or " patent " or discoverable " by a reasonable inspection ". (*Genesee Co. Patrons Fire Relief Assn.* v. *Sonneborn Sons,* 263 N. Y. 463, 468; see, also, *Noone* v. *Fred Perlberg, Inc.,* 268 App. Div. 149, 152, affd. 294 N. Y. 680; *O'Connell* v. *Westinghouse X-Ray Co.,* 288 N. Y. 486, revg. 261 App. Div. 8; see, also, *Grant* v. *Australian Knitting Mills* [1936] A. C. 85; Restatement of Law of Torts, § 388, comment i, p. 1047; 3 Cooley, Law of Torts [4th ed.], § 498; Bohlen, Studies in the Law of Torts [1926], p. 126.) Language particularly apt was used by the Privy Council of England in the *Grant* case (*supra,* [1936] A. C. 85); after calling attention to the fact that in *Donoghue* v. *Stevenson* ([1932] A. C. 562), " the danger was hidden, and the thing * * * dangerous only because of want of care in making it ", the tribunal went on to say: " One further point may be noted. The principle of *Donoghue's* case [1932] A. C. 562, 583, 595 [i.e., the *MacPherson* v. *Buick Motor Co.* doctrine] can only be applied where the defect is hidden and unknown to the consumer, otherwise the directness of cause and effect is absent: the man who consumes or uses a thing which he knows to be noxious cannot complain in respect of whatever mischief follows, because it follows from his own conscious volition in choosing to incur the risk or certainty of mischance " (p. 105). And Professor Bohlen in his work on Torts, after noting " the impolicy of requiring the manufacturer to make so perfect a machine as to be incapable of injurious misuse ", goes on to say (*op. cit.,* p. 126): " As to this there can be no two opinions, but there is no need to invoke public policy to afford this protection. The manufacturer cannot

be required to contemplate a misuse by any careless, ignorant, or incompetent person into whose hands the machine may come; injury through the medium of such an agency is neither a probable nor natural result of anything done or left undone by the maker.''

There have been a number of cases in other states involving injuries from farming machinery and implements in which the courts have refused after trial to hold manufacturers negligent merely because the equipment was dangerous and no guards were furnished. (See, e.g., *Stevens* v. *Allis-Chalmers Mfg. Co.*, 151 Kan. 638; *Foster* v. *Ford Motor Co.*, 139 Wash. 341; *Yaun* v. *Allis-Chalmers Mfg. Co.*, 253 Wis. 558; see, also, *Davis* v. *Sanderman*, 225 Iowa 1001.) In the *Yaun* case (*supra*, 253 Wis. 558), plaintiff, while working on a hay baler, fell in such a way that his arm was caught between the unguarded rollers of the machine and was crushed. He sued the manufacturer and prevailed in the trial court. He sought an affirmance upon the theory that a manufacturer of an article functionally dangerous is liable to a user who sustains injuries '' ' by reason of the manufacturer failing to exercise reasonable care in the adoption of a safe plan or design * * * *whether the danger be open or hidden* ' '' (emphasis supplied; p. 563). The Wisconsin Supreme Court, holding that such was not the law, reversed the judgment and dismissed the complaint. Pointing out that '' The danger of the rollers was apparent in the present case '', the court quoted from one of its earlier decisions (*Dugenske* v. *Wyse*, 194 Wis. 159, 165) as follows: '' ' It is true that a silo filler is a simple device. Any person of ordinary intelligence must be presumed to know that if his fingers got between the rollers and under the knives, serious consequences would result ' '' (p. 568). And, added the court, '' If respondent's contention were sound, every meat grinder or other machine capable of mangling fingers would be an instrument the safe use of which would be guaranteed by the manufacturer '' (p. 569).

It may well be argued that, since the development of mechanical contrivances has created so many new dangers, manufacturers should be compelled to equip complicated modern machinery with all possible protective guards or other

safety devices. If, however, the manufacturer's liability is to be so extended, if so fundamental a change is to be effected, we deem it the function of the legislature rather than of the courts to achieve that change. (See Roscoe Pound, New Theories of Liability, 8 Bar Bulletin, N. Y. Co. Lawyers Assn. [May, 1950], pp. 32, 35.) In Wisconsin, for instance, such a course has been adopted with respect to "corn shredders"; a statute requires such machines to be provided "with safety or automatic feeding devices" in order to protect their operators from "accident by the snapping rollers, husking rollers, and shredding knives" (Wis. Stat., 1949, § 167.12, p. 2072). The legislature of this state, however, has not acted in the field, having chosen to impose a duty only upon employers to furnish guards for certain types of machinery and appliances used in factories. (See Labor Law, § 256; see, also, e.g., *Matter of Gawrys* v. *Buffalo Bolt Co.*, 276 App. Div. 1035; *McEwen* v. *Borden's Condensed Milk Co.*, 214 N. Y. 674.)

In conclusion, then, since the duty owed by a manufacturer to remote users does not require him to guard against hazards apparent to the casual observer or to protect against injuries resulting from the user's own patently careless and improvident conduct, the complaint was properly dismissed.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment affirmed.