G. Robert Witmer, J.
Defendant has moved for an order dismissing the third cause of action of the amended complaint herein on the ground that it is insufficient in law. It appears from the amended complaint that the plaintiff was injured from an explosion while dismantling an old soda fountain which he bought from the defendant. In the first cause of action plaintiff alleges that the defendant expressly warranted that the unit in the fountain was ‘ ‘ dead ’ ’ and harmless, that the representation was untrue, and that by reason of such alleged breach of warranty the plaintiff was injured. The second cause of action contains allegations of implied warranty. In the third cause of action plaintiff alleges the express warranty *942 and that defendant was negligent in making the same and in failing to warn plaintiff of the dangerous nature of the unit, knowing that the plaintiff intended to dismantle it and that it “ was an item likely to cause great bodily harm ” if it was not inert, that plaintiff relied upon defendant’s representations, and that the unit was not inert but contained dangerous substances under pressure which would and did explode upon dismantling, resulting.in plaintiff’s injuries.
Defendant contends that this cause of action is based solely' upon the alleged negligent use of words by defendant, and that there is no such cause of action within this State upon such ground.
If there were no privity of contract, there would be some basis for defendant’s contention. (Ultramares Corp. v. Touche, 255 N. Y. 170.) In the cause of action to which this motion is addressed, however, are contained allegations of negligent misrepresentation by defendant to plaintiff in connection with the sale of the fountain unit, and hence there is privity of contract. Thus, it is unnecessary to consider the applicability of such cases as Genesee County Patrons Fire Relief Assn. v. Sonneborn Sons (263 N. Y. 463) and Campo v. Scofield (301 N. Y. 468). There is ample authority to support the third cause of action of the amended complaint. (International Prods. Co. v. Erie R. R. Co., 244 N. Y. 331; Doyle v. Chatham & Phenix Nat. Bank, 253 N. Y. 369; 5 Williston on Contracts [Rev. ed.], §§ 1505,1509-1512; and see Ultramares Corp. v. Touche, supra.)
In Williston on Contracts (§ 1512, p. 4223) the author states a controlling principle, to wit: “ If a man makes a statement in regard to a matter upon which his hearer may reasonably suppose he has the means of information, and that he is speaking with full knowledge, and the statement is made as part of a business transaction, or to induce action from which the speaker expects to gain an advantage, he should be held liable for the consequences of reliance upon his misstatement.”
The motion is therefore denied. Submit order accordingly.