Jacob J. Schwartzwald, J.
Motion to dismiss the complaint pursuant to rule 106 of the Eules of Civil Practice on the ground of legal insufficiency. The complaint seeks to assert two causes of action: The first, to recover for injuries allegedly sustained by the infant plaintiff at home while she was closing a storm door alleged to have been constructed and installed by defendants who had been engaged by the infant plaintiff’s parents to perform such work; the second, by the infant’s mother, to recover for loss of services and for medical expenses.
The complaint charges in paragraph “Fifth” that the accident and resultant injury to the infant plaintiff were caused by 1‘ the incomplete and defective manner in which the said door had been installed ’ ’; and it is further alleged therein that ‘ ‘ inasmuch as the construction of the said storm windows and storm doors in and about the aforesaid premises had not been completed and inasmuch as the said defective [sic] had been pointed out to the defendants herein, the said accident and injury complained of was caused by the negligence of the defendants ”. It is alleged in paragraph “ Sixth ” of the complaint that the accident and consequent injury resulted “ solely by reason of the failure of the defendants to take the necessary precautions to prevent injury to persons lawfully using the front storm door and by reason of the negligence of the defendants in installing and in conducting the work of the installation of storm doors and storm windows ”.
In the situation set forth in this complaint which is predicated on negligence, no duty is owed by defendants to remote a user, such as infant plaintiff, unless it be a duty imposed under the doctrine originally enunciated in MacPherson v. Buick, Motor Co. (217 N. Y. 382). Plaintiff contends that the instant *800 ease comes within the scope of the rule of the MacPherson case, which held the manufacturer of a dangerous article, defectively made, liable for injuries resulting to a remote user by reason of such defect.
It is established that the principles underlying the rule enunciated in the MacPherson case also apply to those who put up structures on real property (Inman v. Binghamton Housing Auth., 3 N Y 2d 137); hence, to that extent the doctrine of the MacPherson case (supra) is applicable to the situation alleged in the instant complaint. However, liability under that doctrine is predicated upon the existence of a latent defect or a danger that is hidden (Inman v. Binghamton Housing Auth., supra; Campo v. Scofield, 276 App. Div. 413, affd. 301 N. Y. 468). The instant complaint fails to allege that the defective condition of the storm door was latent or that it created a danger that was hidden from the infant plaintiff. Such omission renders the pleading legally insufficient (Inman v. Binghamton Housing Auth., supra; Campo v. Scofield, supra).
An opportunity will be afforded the pleader to supply such omission, if so advised, and to allege facts indicating the nature of the defects complained of which may serve to bring the instant case within the scope of the doctrine enunciated in MacPherson v. Buick Motors Co. (supra).
Accordingly, motion is granted with leave to plaintiffs to serve an amended pleading within 20 days after service of a copy of the order entered hereon, with notice of entry.
Settle order on notice.