Changes A. Lobeto, J.
The plaintiff suffered a very bad injury, a most unfortunate injury, resulting in the severance of portions of fingers of both hands, crippling him for life and *650 possibly almost totally incapacitating him from engaging in gainful employment.
The suit has been brought by him against the manufacturer of a power press machine. It had been purchased by his employer from the defendant some nine years prior to the accident, and he, the plaintiff, had worked on this machine for a period of six years prior to the accident almost daily.
The machine necessarily had a potential of some degree of danger or risk to the user.
The complaint of the plaintiff is a catch-all type. It embraces many allegations of negligence which are conclusory and in law we consider them insufficient to plead a cause of action. However, it may be said that it does set forth two principal claims of negligence against the defendant. One, that the machine was improper in design and another that the component parts had latent defects, hidden defects in the materials. The complaint also makes a charge that there was a contractual obligation on the part of the defendant to inspect and also adjust and repair the machine. The fact of the matter is that there has been no proof adduced showing any such contractual obligation on the part of the defendant. Nor has there been any proof acceptable in law adduced that the defendant serviced or maintained this machine during any part of the nine years that it had been at the plant of the plaintiff’s employer. Also, no proof has been adduced acceptable in law that there were any defective materials of the component parts of the machinery. Nor has there been any proof adduced that there was any improper design of the machine.
Of course, in the consideration of these motions (to dismiss on which decision was reserved) the plaintiff is entitled to every reasonable inference that may be drawn from any aspect of the testimony adduced in the case. The evidence indicates that two parts, the clutch and the latch of this machine, when dismantled after the accident showed some wear at a corner of each of these parts. It may be deduced from this aspect of these two parts that the machine at the time did not function properly because of the condition of these parts; at least, that these were a contributing cause to the accident.
At the conclusion of the trial the plaintiff’s attorney stated that plaintiff’s theory of claim was that the drawings from which the machine was manufactured, offered in evidence, showed that the clutch and the latch abut each other and that the plaintiff’s proof was to the effect that no one at any time made any adjustment to these parts and that when dismantled after the accident they showed wear, as already stated.
*651 On this proof the plaintiff’s attorney contends that an inference must be drawn that nine years earlier, at the time of the delivery of this machine, the clutch and latch were not properly assembled and were not abutting each other as the drawings would have indicated. And the plaintiff’s attorney would want the court to conclude that, therefore, there existed a latent defect in the assembly of the machine and that this constitutes the negligence upon which he predicates his case.
The court does not believe that this inference is one that can properly be drawn from any aspect of the evidence or any inference that can properly be drawn from the evidence adduced in the case. It would be sheer speculation. It defies experience, common sense and belief. If the case were to be submitted on this theory, in order that this inference might be drawn, the court would be required to set aside the verdict if one were rendered against the defendant because the court, in law, would be required to set it aside.
The machine had been in constant use practically daily or every working day for the period of almost nine years. The evidence of the plaintiff would indicate that there was no maintenance or servicing provided for the machine whatsoever, except some oiling. Literature furnished by the manufacturer calls attention to the necessity of servicing and maintenance of the machine as well as the replacement of worn parts as soon as they are discovered.
Clearly, there is no duty on the part of the manufacturer to furnish a machine that will not wear out. Common sense dictates that there should be frequent if not periodic inspections and replacement of the worn parts as soon as they are detected. Under the facts of this case that duty rested upon the plaintiff’s employer. There reposes no duty on the manufacturer, absent a contract, to provide servicing, maintenance and replacement of worn parts. Nor is the manufacturer under a duty to guard against any injury which results from wear and deterioration of parts.
Here, if the plaintiff’s testimony is credited, there was a certain failure after nine years of constant, regular and satisfactory service from a cause other than a defect in design or defect in materials or improper assembly of the parts of the machine.
This case must be distinguished from those cases where there is a malfunction of a recently acquired machine‘with a latent defect. This machine was not recently acquired. There has been no proof or offer of proof of any defect in materials or parts of the machine in question.
*652 In the court’s opinion the plaintiff has failed to adduce sufficient evidence to warrant the submission of this case to the jury on any possible claim of negligence within the scope of the complaint and the bill of particulars. The motion to dismiss the case made at the end of the plaintiff’s case and at the end of the entire case, both motions, are granted. It will be sufficient for the court to cite as authorities for this ruling three cases (Beckhusen v. Lawson Co., 9 A D 2d 536; Campo v. Scofield, 301 N. Y. 468; Auld v. Sears Roebuck & Co., 261 App. Div. 918). These cases involve facts and factors similar to the case that has been presented to us. The authorities that have been given to me by the plaintiff’s attorney are inapplicable.