Samuel S. Leibowitz, J.
This is an action against an automobile manufacturer to recover for personal injuries and property damage sustained in a car collision. It is claimed that the collision resulted from negligence in the design and manufacture of the ear owned and operated by the plaintiff Fernand McNally and by breach of an implied warranty of the car’s fitness for use. At the trial, the defendant rested on plaintiffs’ case.
The trial evidence disclosed that on December 5, 1961 the plaintiff purchased a used 1959 sedan automobile, manufactured by the defendant Chrysler Motors Corp. On December 21, 1963, with his wife, plaintiff Juanita McNally, as a passenger, he was operating this car along Eastern Parkway in the Borough of Brooklyn. A car in front had stopped at an intersection. The plaintiff tried to bring his car to a stop to avoid colliding with the car in front, but when he depressed the brake pedal, the brakes failed to function because unbeknown ■ to plaintiff *129 the hydraulic brake fluid had leaked out. As a result, his car collided with the rear of the car in front, causing injuries and other damage of which plaintiffs complain.
It is noted at the outset that no claim is made or proof adduced to show that the loss of brake fluid was in any way attributable to a manufacturing defect in the brake system. The loss of the fluid might well have been the result of ordinary wear and tear of the parts. There is no duty cast upon the manufacturer to furnish a machine that will not wear out or that will not require replacement of worn parts (see Campo v. Scofield, 301 N. Y. 468; Auld v. Sears Roebuck & Co., 261 App. Div. 918; Gomez v. Bliss Co., 27 Misc 2d 649).
The gravamen of the instant action is plaintiffs’ claim that the defendant manufacturer was under a duty to install in the 1959 Dodge car, when manufactured, a dial, gauge, meter or other device such as a bell or alarm which would alert the driver to any leakage or loss of hydraulic fluid in the braking mechanism, and that the alleged negligence and breach of implied warranty lay in the failure of the manufacturer to install such a device. In that connection, an automotive engineer called as an expert witness by plaintiffs conceded that such a device as is here involved was not in use back in 1959, nor was it used in later models of cars, including 1963 models, the year in which this accident occurred. This witness asserted, however, that it was feasible to manufacture and install such a device in 1959.
The applicable rules of law, as well as logic and common sense, lead to the conclusion that no breach of implied warranty, or negligence, has been established on the plaintiffs’ case.
The defendant manufacturer impliedly warranted on the manufacture and sale of its vehicle that it was free from latent defects and was reasonably suitable for the ordinary use for which it was manufactured and sold (see Adams v. Tramontin Motor Sales, 42 N. J. Super. 313, cited with approval in Fillet v. Curry, 12 A D 2d 519). The facts adduced at the trial fail to show that there was a breach of this warranty (cf. Adams, supra).
On the question of negligence, it is clear that a manufacturer is under no duty to design and construct a machine that is accident-proof. He owes a duty merely to make it free from latent defects and concealed dangers; and, if he does everything reasonably necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has *130 satisfied the law’s demands (see Campo v. Scofield, 301 N. Y. 468, 471, 472, slipra). The manufacturer is under no duty to render a machine or other article more safe, as long as the danger to be avoided is obvious and patent to all (see Campo, supra, p. 472). Moreover, negligence does not exist unless there is a reasonable likelihood of danger as a consequence of the act or omission complained of. The test of actionable negligence is not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party; and, the failure to guard against a remote possibility of accident does not constitute negligence (see Lane v. City of Buffalo, 232 App. Div. 334, 338; Fowler v. State of New York, 192 Misc. 15, 18).
No evidence in the instant case has been adduced to show that the leakage of brake fluid without any indication thereof in the action of the brakes, prior to complete loss of the fluid, was a danger to be reasonably apprehended by the manufacturer at the time of manufacture of the subject vehicle. The fact that a warning device such as is here specified was not in use in the automobile manufacturing industry in 1959, and in subsequent years, while not conclusive on the question of negligence, is weighty evidence that no such danger was reasonably to be foreseen (see Garthe v. Ruppert, 264 N. Y. 290, 296; Shannahan v. Empire Eng. Co., 204 N. Y. 543, 549-550).
It may well be argued that since the development of mechanical contrivances has created so many new dangers, manufacturers should be compelled to equip complicated modern machinery with all possible protective guards or other safety devices; but, as the 'Court of Appeals in Campo (supra, pp. 474-475) aptly observed, if the manufacturer’s liability is to be so extended, it would appear to be the function of the Legislature rather than of the courts to achieve that change.
In light of the foregoing discussion, it becomes apparent that no duty rested on a car manufacturer in 1959 to equip its cars with the indicated device merely because the use of such a device would have been “ feasible ” at that time. If such a premise were to be accepted as valid, the scope of a manufacturer’s liability would become limitless and would subject him to a vague standard and an unreasonable and unforeseeable degree of liability. For example, adoption of such a position by the courts could well render car manufacturers liable for the omission of seat belts and other devices from cars manufactured prior to the time that such devices became standard or required items of equipment. Again, how far back in time *131 should imposition of liability extend for failure to include safety features found in cars presently manufactured? A Pandora’s box of litigation would thus be opened up, with incalculable and unforeseeable consequences, resulting in the imposition of a clearly onerous and unwarranted burden on manufacturers.
Tested by accepted standards of liability in cases of the type here presented, the causes of action alleged by the plaintiffs are found to be wanting in substance. Accordingly, these causes of action are dismissed and judgment for defendant is granted.