[Civ. No. 12036.   Third Dist.   Aug. 26, 1969.]

CHAUNCEY E. WINELAND, Plaintiff and Appellant, v. SKAGIT CORPORATION, Defendant and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Albert E. Levy for Plaintiff and Appellant.

Price, Burness & Price and R. E. Burness for Defendant and Respondent.

BRAY, J.*—Appeal from judgment in favor of defendant Skagit Corporation after order sustaining demurrer to third amended complaint without leave to amend, presenting the question, should the third amended complaint have been sustained?

RECORD

After demurrers of defendant Skagit to three complaints sustained with leave to amend, plaintiff filed his third

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

amended complaint consisting of three counts. The first count is in negligence and is incorporated in its entirety in the other two counts. The second count is based upon warranty and the third on strict liability. It seems agreed that, as plaintiff states, "the basic cause of action—is the First Cause of Action."

The third amended complaint (hereinafter "complaint")[1] alleges that plaintiff was an employee of McNamara Fuller Company. On or about December 31, 1965, he was injured while he was in the process of replacing a cable on a motorized hoist, described as a Skagit TR type tramline, which had been manufactured by defendant, a Washington corporation, and sold by it either to the Oro-Dam Constructors or to plaintiff's employer.

Inasmuch as it is well-nigh impossible to understand from the complaint what plaintiff's theory exactly is and the nature of the hoist or cableway and its relationship to the motive power installation, it is necessary to set forth most of the allegations of the complaint.[2]

As will appear from the complaint, plaintiff has alleged a "shotgun approach" to all possible issues appearing on the face of the complaint.

Paragraph III alleges that each of the defendants "was the agent and employee of each of the remaining defendants, and was acting within the purpose and scope of said agency and employment."

Paragraph IV alleges that each of the defendants "designed, made, constructed, manufactured, inspected, safeguarded, equipped, installed and supervised, directed and inspected the installation of a certain hoist, described as Skagit Model TR 90 type Tramline . . . [serial number given]; that said tramline was activated and controlled by equipment consisting of the following: a control tower connected by cables to a motorized piece of equipment located many hundreds of feet away, said motor having several wheels which were activated by energizing the motor by a switch contained in the control tower; in operation, the hoist being controlled by the cables."

---

[1] At oral argument plaintiff's counsel abandoned the warranty count.

[2] It is impossible from the record before us to determine who were joined as defendants in the case other than Skagit and defendants "DOES I to X," each of whom is stated in paragraph I as being "negligent and responsible for breach of warranty and in strict liability in and about the things herein referred to, and thereby cause[d] injury and damage to plaintiff as herein alleged."

Paragraph V alleges: "That the aforesaid tramline was sold by defendant, Skagit Corporation and Does I through III, inclusive, to the Oro-Dam Constructors, or to McNamara Fuller Company, sometime prior to December 31, 1965, for the purpose, and with the knowledge on the part of said defendants, and each of them, that said tramline was to be used for construction work by the employees of Oro-Dam Constructors and McNamara Fuller Company, and that said tramline would require repair and maintenance work, including changes and replacements of the load line on the cableway, which cableway was attached to a motor mechanism; and that replacement work would be done by employees of Oro-Dam Constructors and McNamara Fuller Company, among others.

Paragraph VI alleges: "On or about December 31, 1965, plaintiff was an employee of McNamara Fuller Company, and was, pursuant to said employment, replacing and changing the load line and putting a new load line on the cableway."

Paragraph VII alleges: "On or about the 31st day of December, 1965, the plaintiff was in the process of replacing a cable, which cables, in the normal course of use, wear and require replacement; in order to accomplish this replacement it was necessary for the plaintiff to reach through a spoked wheel, which wheel could be directly activated and moved by the aforesaid motor mechanism; that the motor mechanism and/or spoked wheel had no safety device by which plaintiff could control or stop the possible movement of the spoked wheel.

"That it was foreseeable by the defendants, and each of them, that an individual changing said cable would have to reach through said spoked wheel, and that some third person at the switch, which was many feet away in the control tower, might activate said machinery causing harm to the plaintiff; that said machinery was therefore negligently made, constructed, manufactured, inspected, safeguarded, equipped, installed, and supervised as to make the same foreseeably dangerous;

"That while plaintiff's hand was through the spoked wheel replacing said cable, a third person (or employee) at the control switch activated said machinery, causing the plaintiff's arm to become trapped, and his hand to become crushed and enmeshed in said machinery.

"That no injury could have been incurred by plaintiff if a safety device consisting of either a shut-off switch, or a lock-

ing device were made available to him at the place where said cable was being replaced, so as to prevent movement.''

Paragraph VIII alleges: ''As a proximate result of the negligence of the defendants, and each of them, as aforesaid, the arm of plaintiff was caught in the spoked wheel when the wheel turned, or was turned by another person, while he was changing the load line on or about December 31, 1965, proximately thereby causing the hereinafter described injuries and damages to plaintiff.''

The complaint then alleges the injuries and damages '' [a]s a proximate result of the said conduct of the defendants.''

## THE COMPLAINT

Defendant Skagit's demurrer was a general one. Apparently, the parties and the court dealt with it as if it presented only the question of the application of the rule of manufacturers' product liability. However, the complaint does not set forth facts which would enable the court to pass upon that question. In addition to charging Skagit, as well as all the defendants, with the negligent designing, making and constructing of the hoist or tramline, which may or may not bear on the application of the rule of product liability depending upon the facts, none of which can be sufficiently gained from the allegations of the complaint, Skagit is charged with negligently inspecting, safeguarding, equipping, installing, directing and supervising the hoist or tramline. It is not clear from the complaint whether Skagit is charged with the designing and manufacture of the hoist only, or the hoist, tramline, control tower, switches and ''motorized equipment.''

With all these allegations of negligent action on the part of Skagit, some sort of cause of action on a number of issues of negligence, including that of negligent design of the hoist or tramline, is stated, although somewhat inelegantly, and hence is good as against general demurrer.

As appears from the briefs, the parties and the court assumed that the allegations that there were no safety devices to prevent the spoked wheel of the hoist from turning while the load line is being changed were sufficient to enable the court to determine whether the manufacturer's product liability rule applied. But those allegations while sufficient as a matter of pleading were not sufficient for a *determination* of the issue of negligent design or any of the other issues of negligence charged in the complaint. (See *Murphy* v. *Cory Pump & Supply Co.* (1964) 47 Ill.App.2d 382 [197 N.E.2d 849]; *Campo* v. *Scofield* (1950) 301 N.Y. 468 [95 N.E.2d 802]; *Tatik* v.

*Miehle-Goss-Dexter, Inc.* (1967) 28 App.Div.2d 1111 [284 N.Y.S.2d 597] ; *Kohlstad* v. *Ghidotty* (1963) 212 Cal.App.2d 228 [28 Cal.Rptr. 123] ; *Zahora* v. *Harnischfeger Corp.* (1968) 404 F.2d 172.)

The general demurrer should have been overruled and the issue of alleged negligent designs and any other issues determined either at a trial or on a motion for summary judgment.

Judgment reversed.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied September 24, 1969, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied October 22, 1969.