Jerome W. Marks, J.
The action is to recover damages to the infant plaintiff and his mother resulting from injuries to the infant plaintiff when a ball toy (Time Bomb) in the course of a game bounced off a basement floor and struck said infant plaintiff in the mouth and teeth. The defendant now sought to be held here is the toy manufacturer. '
This suit was tried at Trial Term Part XLPV" without a jury. Trial by a jury was waived as were findings of fact and conclusions of law.
At the end of plaintiffs’ case, the action against the defendants Siegel and Cohen (seller of the toy) was discontinued without costs and with prejudice.
The remaining defendant Milton Bradley Company (referred to as Bradley) moved to dismiss plaintiffs’ cause of action at the end of plaintiffs’ case. Decision was reserved on the motion. Defendant, Bradley thereupon rested upon plaintiffs’ proof and renewed its motion to dismiss and moved for judgment. Decision was also reserved on this motion and on plaintiffs ’ motion for judgment.
Plaintiffs complain that Bradley was negligent and careless in the design, manufacture, and assembly and distribution for sale to the public of the toy known as “ Time Bomb.” The so-called “Time Bomb” is a hard surfaced ball made of a plastic material. The toy has attached to it a timing device protruding from the top of the ball. This timing device is turned clockwise; it unwinds itself and in the course of this process, the device makes a ticking sound. When the timing device stops ticking, a loud report is emitted. Hence, the name of the toy, “ Time Bomb.”
According to the directions for play with this toy by children and adults, the timing device is wound and the ball is then tossed around among the players; the players continue to catch and then toss the ball toy around among and to each other until the ticking of the timing device terminates with a loud report or bang. The player who has the toy in his possession at said time is eliminated from the game.
Plaintiffs’ evidence is that the infant plaintiff, Scott Lawrence Bader had received the toy as a birthday present for his ninth birthday (Dec. 10, 1966) from a family friend in his mother’s presence at a bowling alley; he then proceeded to his home, where in the basement thereof, he and an older brother and two other boys engaged in the play with the ball toy. The players, four (4) in number, tossed the object around. The four boys, including the infant plaintiff, were *612 seated around in a circle upon the tile floor of the basement room. They played about three or four minutes, when one of the boy-players tossed the top underhand in the direction of the infant plaintiff. The toy bounced on the tile floor and it then struck the infant plaintiff in the mouth; his lips and gums were lacerated and two of his front teeth were fractured. Treatment was by a doctor-dentist.
Plaintiffs contend that the toy manufacturer Bradley is charged with the knowledge that boys — children in the course of their play activities, play with excitability and Bradley exploits this propensity by the sale and distribution of the subject product. Children, playing with this hard-surface ball-toy coupled with the loud report timing device, plaintiffs say, makes this toy a dangerous product.
Plaintiffs read into the trial record the deposition of Mr. Martin, Vice President, in charge of manufacturing for Bradley. He was asked whether there were any complaints with reference to the hardness of the toy shell. Mr. Martin testified that there were a few of such complaints (1965) and that the company had undertaken to soften the shell. He testified that the shell is as soft as it is possible to make it and still fit the requirements of the toy.
Pressed for the requirements, the witness stated that desirability for adhesive to adhere to the toy surface, to act as a sounding board and to accept paint were the toy’s requirements. No design changes were made to the toy’s outer surface following the complaints. The only changes made were to the internal functioning of the ball toy. Mr. Martin further stated that in order for one to play, one would have to be able to catch (a ball).
There is no proof as to the exact number of complaints made with reference to “ Time Bomb’s ” hard shell surface, nor is there any evidence that any player of “ Time Bomb”, other than the infant plaintiff, sustained personal injuries in the course of play with the toy.
This is substantially the plaintiffs’ case.
A manufacturer is under no duty to design and construct a product that is accident-proof. His duty is merely to make it free from latent defects and concealed dangers. If the manufacturer has done everything reasonably necessary to make the product function properly for the purpose for which it was designed and without any latent defect, and if in its use it creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law’s requirements.
*613 This has long been the law of this State. (See MacPherson v. Buick Motor Co., 217 N. Y. 382; Campo v. Scofield, 301 N. Y. 468.)
Plaintiffs here are required to allege and prove the existence of a latent defect in the ball toy or that it is a thing of danger not known to them (Campo v. Scofield, supra).
Plaintiffs have failed to submit any evidence that “ Time Bomb ” is negligently designed, made with a latent defect or that the toy has been defectively or carelessly manufactured.
This trial court is unable to find that this ball toy is a dangerous instrumentality. The subject toy is no more dangerous than a baseball.
Defendant Bradley may not be charged with liability by reason of the claimed propensity on the part of children to play their games in a state of childhood excitement. Bradley may not be rendered liable to plaintiffs for this sole reason or because of the inability on the part of one of the players in the game to make a complete toss of the ball toy to the infant plaintiff.
Harm unfortunately comes to children in the course of their play. Concerning the hazards to which children are prone, reference is made to Maramba v. Newman (82 Ill. App. 2d 95, 99). There we find this observation: “ A child can be injured by an ice skate, a roller skate, a bicycle, a baseball or bat, a croquet mallet and many other items which are commonly used by children”. (See, also, Prosser, Torts [3d ed.], p. 378.)
That an injury may be inflicted by a toy does not make it a dangerous instrument. (Highsaw v. Creech, 69 S. W. 2d, 249, 252.)
The facts adduced at the trial fail to make out a case of Bradley’s responsibility to plaintiffs and the motion for judgment against this defendant is denied. Defendant Bradley’s motions are granted and this defendant may have judgment dismissing the complaint on the merits.