David P. Lee, Jb., J.
Plaintiffs move “ for an order, pursuant to CPLR 3025 (b), amending the complaint herein ”. Plaintiffs’ counsel notes in an affidavit, submitted in support of the motion, that the plaintiffs seek “ leave to serve an amended complaint realleging a cause of action on behalf of plaintiff Miles K. Lewis and a derivative cause of action on behalf of plaintiff Gladys Lewis, both based upon the theory of strict-liability-in-tort ”. As noted in the decision of the Appellate Division, Third Department, Lewis v. Royle & Sons (37 A D 2d 639, mot. for lv. to app. den. 30 N Y 2d 481) on the *305 appeal from an order dismissing certain causes of action alleged in plaintiffs’ complaint: “ The [plaintiff] Miles K. Lewis was an employee of the Endicott Johnson Corporation and on June 27, 1968 suffered injury when his hand and arm became caught in an extruding machine manufactured by the [defendant].”
With reference to the question as. to whether the court’s “ prior decision with respect to plaintiffs’ negligence cause of action necessarily forebode defeat for the proposed strict-products-liability causes of action as well ”, plaintiffs’ counsel urges, in a letter memorandum, in part: “ It is submitted that the decision in Campo v. Scofield, 301 N. Y. 468, is not applicable to striet-products-liability cases and, therefore, Your Honor’s prior dismissal of the plaintiffs’ negligence causes of action, based upon that case, does not doom the plaintiffs’ new causes of action to defeat at their inception. The decision in Campo speaks only in terms of the duty of a manufacturer and establishes the rule that the duty owed by a manufacturer to remote users does not require him to guard against patent hazards which are apparent to the casual observer. Hence, the latent-patent rule created by Campo establishes legal precedent which is only relevant to the question of whether the defendant manufacturer was negligent. As a legal precedent, the rule has no bearing upon the question of contributory negligence and, as established by Codling, a strict-products-liability case does not require proof of negligence. As a practical matter, it cannot be denied that the latent or patent nature of the defect herein involved may be a significant factor for a jury to consider on the issue of contributory fault. However, the point to be made is that the issue of contributory fault in this case is a question of fact for the jury (Rossman v. LaGrega, 28 N Y 2d 300). Even assuming, for the sake of argument, that the latency or patency of the danger from the design defect is the only factor to be considered on the question of contributory fault, the question is still one of fact which the jury must resolve. This is made evident by the decision in Bolm v. Triumph Corp., 33 N Y 2d 151, wherein the Court of Appeals held that even with respect to the issue of the negligence of the defendant, let alone the contributory negligence of the plaintiff, the latent-patent question is for the jury to decide.”
Defendant’s counsel asserts and urges, inter alia, in the answering affidavit:
“ 4. That the plaintiffs’ original Complaint and Amended Complaint allege the following causes of action: (1) seeking to recover for negligence; (2) seeking to recover for breach of *306 warranty; (3) alleging strict liability and tort; (4) a derivative cause of action on behalf of the plaintiff’s wife based on the preceding three causes of action. * * *
“ 7. Any cause of action in tort whether based upon strict liability or ordinary negligence has been barred at the latest by the expiration of more than three years from the date of the accident which occurred on June 27,1968, namely June 27, 1971. Obviously, the plaintiff can not now institute a new action against the defendant for strict liability and tort or for negligence because the statute of limitations prohibits it. At the same time, the plaintiff has no pending’ action and Complaint which is subject to amendment because his Complaint, in its entirety, has been dismissed as to all causes of action.
“8. It is now over 10 years since the date of the sale of the machine referred to in the Complaint from the defendant to the Endicott Johnson Corporation. It is 5% years since the date of the occurrence alleged to have caused injury to the plaintiff. It is over 4 years since the Summons in the action originally was served. To create a completely new cause of action and new Complaint after the lapse of such time can not be justified.
“ 9. It is respectfully submitted that the Court is without the power to supersede the prior Order dismissing the cause of action for strict liability and tort which was affirmed by the Appellate Division and leave to appeal to the Court of Appeals denied. There is nothing in the case of Codling vs. Paglia, 32 N. Y. 2d 339, which in any way reflects a determination of the Court of Appeals to overrule the statute of limitations question which has already been passed upon in this case by an Order of the Appellate Division which the Court of Appeals refused to review.”
It appears that a significant distinction is unfolding between “ strict liability in tort ” or “ strict tort liability ” (Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340, 343, 345) and “ strict products liability ” (Codling v. Paglia, 32 N Y 2d 330, 343), and that * ‘ a new cause of action for strict products liability, independent of warranty ” has been established (Rivera v. Berkeley Super Wash, 44 A D 2d 316). As noted in Mendel (supra, p. 345), “ strict liability in tort and implied warranty in the absence of privity are merely different ways of describing the very same cause of action ”, and the statutory time limitation is computed from the time of sale. The statutory time limitation for the commencement of a strict liability in tort action may, and at times does, expire before the injuries complained of are sus- *307 tained. The new cause of action, “ a strict-products-liability cause of action is founded on a tortious wrong and thus is governed by accrual and limitation rules applicable to claims sounding in tort ” and “ the three-year Statute of Limitations applicable to actions to recover damages for personal injuries, with accrual of the action at the time of injury, is applicable ” (Rivera, supra, p. 325). Whether Codling establishes a new rule concerning the quantum of proof required in a products liability case, or whether it restated the rule which the court had approved in Market v. Spencer (5 N Y 2d 958, affg. 5 A D 2d 400), need not, under the circumstances, be considered in determining the present motion. Contributory negligence is a defense to an action for strict products liability. In Codling v. Paglia (32 N Y 2d 330, 335, supra) the court wrote, inter alia: “ We hold that today the manufacturer of a defective product may be held liable to an innocent bystander, without proof of negligence, for damages sustained in consequence of the defect ”, and stated (p. 342): “ We accordingly hold that, under a doctrine of strict products liability, the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used (whether by the person injured or damaged or by a third person) for the purpose and in the manner normally intended, (2) that if the person injured or damaged is himself the user of the product he would not by the exercise of reasonable care have both discovered the defect and perceived its danger, and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages.”
It is noted that in Bolm v. Triumph Corp. (33 N Y 2d 151, 156, 157) the court distinguished Campo, and stated, inter alia: “ In Campo v. Scofield (supra), we essentially reaffirmed the principle laid down in MacPherson v. Buick Motor Co. (217 N. Y. 382) that a manufacturer is under a duty to construct a product which is free of latent or hidden defects * * *
‘ [T]he manufacturer is under no duty to render a machine or other article “ more ” safe — as long as the danger to be avoided is obvious and patent to all ’ [citations]. Clearly left intact by Campo, then, is the obligation of the manufacturer to market a product which, in the normal course of its intended functioning, is free of any latent dangers. * * * As was stated in Campo, a manufacturer is under no duty to design a product which is accident-proof. There is no liability on the part of a *308 manufacturer for injuries resulting from dangers which are patent or obvious.”
The “ Codling formulation ” as set forth in Valez v. Craine & Clarh Lbr. Corp. (33 N Y 2d 117,122) includes and provides: “ (a) Defendant lumber company, here the supplier, would be liable, (b) To plaintiffs as users (an a fortiori liability as compared to liability to nonuser, innocent bystanders as in Codling, cf., e.g., Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432). * * * (f) If plaintiffs, as users of the product would not by the exercise of reasonable care have both (i) discovered the defect and (ii) perceived its danger, and finally (g) If plaintiff ¡| by the exercise of reasonable care would not otherwise have averted their injuries. [32 N Y 2d, at p. 342.] ”
Leave to amend is, generally, “ freely given ” (CPLR 3025, subd. [b]). The term “amended ” as used in CPLR 203 (subd. [e]) should be construed to include the proposed pleading here, whether it is designated an amended complaint or a supplemental complaint. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.12.) The court in Town Board of Town of Fallsburgh v. National Sur. Corp. (53 Misc 2d 23, 24, affd. 29 A D 2d 726) stated, with reference to a motion for leave to serve an amended or supplemental pleading: “ In determining whether to grant leave, the court’s' scope of inquiry should be restricted to the propriety of an amended or supplemental pleading in the circumstances of the case before it and the court should not become involved in the merits of the litigation * * * unless merit is plainly lacking and the allowance of the amendment or supplement would be idle ”. (See, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.23; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3025, Practice Commentary, C3025:11, pp. 481, 482.)
Defendant’s counsel in a letter memorandum, citing Slater v. American Min. Spirits Co. (33 N Y 2d 443), urges res judicata, and further urges, among other things: ‘ ‘ This court determined that, in its decision of January 3, 1973, upon the entire record before it that there was no triable issue of fact because there was nothing to show the existence of any latent defect or danger not known to the plaintiff. That finding is determinative of the issues here. Codling v. Paglia, 32 N Y 2nd 330 and Velez v. Crane and Clarh Lbr. Corp., 33 N. Y. 2nd 117 in no way overrule the principles of manufacturer’s liability set down in Camfo v. Scofield, 301 N. Y. 468. If anything, those cases reinforce the concept that the defect must be latent. Those cases require, as one of the necessary elements of the cause of action, *309 that the defect be one that the plaintiff, as a user of the product, would not by the exercise of reasonable care have both discovered and perceived the danger in it. No new factual evidence has been offered to the court to warrant any change in the decision on the question of latency reached by the court on January 3, 1973. No useful purpose can be served by permitting the plaintiff at this time to amend his complaint and thereby put the defendant through the expense of yet another motion for summary judgment on the very same issue and on the very same grounds previously considered by the court.”
The court is of the opinion that neither the holding in Codling {supra,) nor the holding in Rivera {supra) alters or changes what was written in a prior decision granting defendant’s motion for summary judgment. In that decision, dated January 3, 1973, it was noted, inter alia-. “ The court in Lusardi v. Regency Joint Venture (35 A D 2d 264, 268), noted: ‘ It is undisputed that the manufacturer of a product is not responsible to a remote user for defects in the design which are patent or obvious (Campo.v. Scofield, 301 N. Y. 468). However, a somewhat different situation exists where the lack of a protective device might be obvious, but the peril so resulting is not (see Campo v. Scofield, supra, p. 472). “ A duty is owed, a liability is imposed, only if the defect or danger be not “ known ” (italics as to ‘ danger ’ supplied, Inman v. Binghamton Housing Auth., 3 N Y 2d 137, 145).’”
Plaintiffs’ motion should be denied.