Miles K. Lewis et al., Appellants, *v.* John Royle & Sons, Respondent.

Third Department, December 23, 1974.

*William H. Johnson, Jr. (Philip C. Johnson* of counsel), for appellants.

*Kramer, Wales, Robinson & McAvoy (Philip J. Kramer* of counsel), for respondent.

Reynolds, J. Plaintiffs seek to recover damages for personal injuries sustained on June 27, 1968 when Miles K. Lewis suffered a "traumatic amputation" of the right hand and forearm when they were pulled into and crushed in the intake hopper of an extruder machine designed and manufactured by the defendant John Royle & Sons and purchased in June, 1963 by his employer. Plaintiffs' complaint alleged negligence in design,

manufacture and supervision of installation of the machine; breach of warranty in that the machine was not free from defects of design, manufacture and installation as allegedly warranted; "strict liability in tort" in that, in substance, the machine allegedly had a defect; Royle failed to warn Lewis of the defect and danger; Lewis, at the time of the accident, was operating the machine in the manner foreseen and intended by Royle; and Lewis was not contributorily negligent.

Royle moved to dismiss the negligence cause of action on the ground that it failed to allege a "latent or hidden" defect and to dismiss the warranty and "strict liability in tort" causes of action on the ground they were barred by the contract Statute of Limitations. The motion was granted with respect to the negligence cause of action with leave to replead. An "immediate trial" was granted with respect to the Statute of Limitations questions which resulted in an order, entered November 6, 1970, dismissing the warranty and "strict liability in tort" causes of action. This order was appealed, which resulted in an order affirming the trial court (see *Lewis* v. *Royle & Sons,* 37 A D 2d 639, mot. for lv. to app. den. 30 N Y 2d 481).

On the remaining negligence cause of action, after receiving and reviewing the bill of particulars, Royle moved for dismissal either under CPLR 3211 or CPLR 3212. This motion was granted and is now appealed here.

In the meantime, before notice of argument or brief had been served with respect to that appeal, the plaintiffs moved for leave to serve a second amended complaint alleging a "strict liability in tort" claim. This motion was denied and is also now on appeal to this court.

With respect to the motion to serve a second amended complaint, it is arguable that, if the Statute of Limitations issue raised on the prior appeal were here now for the first time, plaintiffs might prevail (*Codling* v. *Paglia,* 32 N Y 2d 330; see, also, *Velez* v. *Craine & Clark Lbr. Corp.,* 33 N Y 2d 117). However, where, as here, the issue was completely litigated and the appeal process carried to its ultimate disposition this earlier disposition became final and conclusive irrespective of the subsequent change in the decisional law (*Slater* v. *American Min. Spirits Co.,* 33 N Y 2d 443; *Glicksman* v. *Smith,* 43 A D 2d 544). Litigation must end somewhere and cannot be resurrected years after it has been carried to a final disposition and put to rest with each party having his day in court.

In dismissing plaintiffs' negligence action the trial court found no latent defect and, therefore, no triable issue of fact. Norm-

ally the issue as to the latency or patency of the dangers from the design defect is a factual one for the jury, and should not, therefore, as a general rule, be resolved as a matter of law (*Bolm* v. *Triumph Corp.*, 33 N Y 2d 151; *Lyons* v. *Durand Mach.*, 39 A D 2d 1011; *Chetcuti* v. *Hart*, 32 A D 2d 997). However, if there is no showing upon which a reasonable man could find any concealed hazards or anything defective or inherently dangerous, there can be no recovery as a matter of law (*Daily* v. *Major Pool Equip. Corp.*, 30 N Y 2d 846; *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137; *Campo* v. *Scofield*, 301 N. Y. 468).

In the instant case Royle urges that the employer and Lewis understood and attempted to compensate for the risks involved in the manufacturing process of which the machine was a part, and that there was a guard placed in " the very area where the Bill of Particulars claims there should have been a guard." Furthermore, Royle argues it was the overfeed from the conveyer (not supplied by Royle) which caused the injuries: " If there was any ' defect ' it was in that overall process and not in the Royle machine." On the other hand, Lewis stresses the fact that the operation of the machine in conjunction with the overhead conveyer, as intended by the manufacturer, created a latent danger or defect " which the defendant foresaw or reasonably should have foreseen ", namely, the possibility that material being fed into the extruder could wrap around the operator's arm and pull it into the machine. However, Lewis' assertions on analysis are solely that although there were certain safety devices on the machine, there was testimony, after the fact, that other or additional features might have prevented or minimized the injuries. This alone will not serve to support a verdict of inherent defectiveness in design (*Edgar* v. *Nachman*, 37 A D 2d 86, mot. for lv. to app. den. 29 N Y 2d 483; *Tatik* v. *Miehle-Goss-Dexter*, 28 A D 2d 1111, affd. 23 N Y 2d 828).

Accordingly, Special Term properly dismissed the complaint and its orders should, therefore, be affirmed.

The orders should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and MAIN, JJ., concur.

Orders affirmed, without costs.