WILLIAM L. BARNES AND JUNE BARNES *v.* MAC BROWN AND COMPANY, INC., JOHN SHIPMAN AND SHIRLEY SHIPMAN.

[No. 276S53. Filed February 25, 1976.]

*Charles C. Griffith, Johnson, Carroll and Griffith;* of Evansville, for appellants.

*Thomas M. Swain, Trockman, Flynn, Swain & Tyler,* of Evansville, *James M. Buthod, Buthod & Barnett,* of Evansville, for appellees.

ARTERBURN, J.—This case comes before this court on Petition to Transfer from the Court of Appeals. Oral argument was heard on Tuesday, November 25, 1975. We grant transfer and vacate the judgment of the Court of Appeals. The judgment of the trial court below is reversed.

William L. Barnes and June Barnes are appealing the trial court's granting of a motion to dismiss submitted by the Appellee, Mac Brown and Company, Inc. The pleadings in this case reveal that in 1967 or 1968 the Appellee built and sold a dwelling house to John and Mary Shipman. The Shipmans sold this house to the Appellants in October, 1971. After moving into the house the Appellants discovered that the basement leaked and that there was a large crack around three of the basement walls. Repair of the basement walls cost them $3500.

The Appellant filed a two-count complaint. Count One charged the Appellee with breach of implied warranty and the other alleged fraudulent concealment on the part of the Shipmans. The Appellee filed a motion to dismiss pursuant to Ind. R. Tr. P. 12 (B) (6) which was granted by the trial court, from which this appeal results.

The issue before us is whether the builder-vendor's implied warranty of fitness for habitation extends to second or subsequent purchasers of the dwelling house when a latent defect later appears. *Theis* v. *Heuer,* (1971) 149 Ind. App. 52, 270 N.E.2d 764, transfer granted and opinion adopted, (1972) 280 N.E.2d 300, abolished *caveat emptor* between a builder-vendor and a first purchaser of a dwelling house and found that an implied warranty of fitness for habitation exists between those parties. The facts of that case did not present the court with a question of subsequent

purchasers and that question has remained unanswered until this appeal.

In *J. I. Case Co.* v. *Sandefur*, (1964) 245 Ind. 213, 197 N.E.2d 519, this court briefly discussed the diminishing role played by the requirement of privity of contract in the development of products liability law. In holding that the purchaser of used farm machinery was not precluded from suing its manufacturer we wrote at 245 Ind. 222:

> "As stated by the leading authorities, public policy has compelled this gradual change in the common law because of the industrial age where there is no longer the usual privity of contract between the user and the maker of a manufactured machine. On the other hand, there must be reasonable freedom and protection for the manufacturer. He is not an insurer against accident and is not obligated to produce only accident-proof machines. The emphasis is on the duty to avoid hidden defects or concealed dangers. *Campo* v. *Scofield* (1950), 301 N.Y. 468, 95 N.E.2d 802."

The logic which compelled this change in the law of personal property is equally persuasive in the area of real property. Our society is an increasingly mobile one. Our technology is increasingly complex. The traditional requirement of privity between a builder-vendor and a purchaser is an outmoded one. The facts of *Theis* v. *Heuer, supra,* did not require us to extend a builder-vendor's implied warranty of fitness for habitation beyond the first purchaser. We do so now.

As with our treatment of the sale of personal property, the manufacturer of a home must be accorded reasonable freedom and protection. This extension of liability is limited to latent defects, not discoverable by a subsequent purchaser's reasonable inspection, manifesting themselves after the purchase. The standard to be applied in determining whether or not there has been a breach of warranty is one of reasonableness in light of surrounding circumstances. The age of a home, its maintenance, the use to which it has been put, are but a few factors entering into this factual determination at trial.

The contention that a distinction should be drawn between mere "economic loss" and personal injury is without merit. Why there should be a difference between an economic loss resulting from injury to property and an economic loss resulting from personal injury has not been revealed to us. When one is personally injured from a defect, he recovers mainly for his economic loss. Similarly, if a wife loses a husband because of injury resulting from a defect in construction, the measure of damages is totally economic loss. We fail to see any rational reason for such a distinction.

If there is a defect in a stairway and the purchaser repairs the defect and suffers an economic loss, should he fail to recover because he did not wait until he or some member of his family fell down the stairs and broke his neck? Does the law penalize those who are alert and prevent injury? Should it not put those who prevent personal injury on the same level as those who fail to anticipate it?

> Finally, we again observe that the defect in question must be latent or hidden. The burden is upon the claimant to show that the defect had its origin and cause in the original builder-seller.

To the extent discussed above, we do not see that the sale of real estate should be treated differently from the sale of personal property. The judgment of the trial court dismissing the Appellants' suit for failure to state a cause of action is accordingly reversed, and the trial court is directed to reinstate the action.

Givan, C.J., Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBruler, J.—In this case, plaintiffs bargained for and purchased their house from the Shipmans. The Shipmans had purchased it four years earlier from the defendant-builder, Mac Brown & Company. There are no allegations in the com-

plaint that express warranties of any kind were made by defendant-builder, or that the house had been negligently constructed, or that the contract between the defendant-builder and the Shipmans may have contemplated future purchasers from the Shipmans as beneficiaries thereof, or that privity of any variety existed between plaintiffs and defendant-builder, or that the defendant-builder had fraudulently misrepresented the quality of the house. The loss sustained by the plaintiffs was the economic loss which occurred when they bought the house which turned out to have less value than they thought it had. There is no injury to person or property caused by the defects in the house other than this economic loss. Under the circumstances outlined in the complaint, and reasonable inferences to be drawn therefrom, this case is properly governed by the law of contracts and sales and not the law of torts.

In *Theis* v. *Heuer*, (1971) 264 Ind. 1, 280 N.E.2d 300, this Court created and imposed the implied warranty of fitness for habitation upon the bargain and sale between the builder-vendor and his first purchaser-consumer-user. Privity between the parties existed there. It was a contract case, and not a tort case. In *J. I. Case Co.* v. *Sandefur*, (1964) 245 Ind. 213, 197 N.E.2d 519, the purchaser of a used tractor who was injured because of a defective power take-off on it, was permitted to sue the original manufacturer in tort without proving privity with that manufacturer. It was a tort case.

Disposing of the requirement of showing privity in a contract case involves consideration not present when doing away with it for the purpose of suing a builder or manufacturer for injury to person or property caused by a negligent manufacturer or dangerously defective product. The determination of damages recoverable from this defendant-builder must rest in part upon the expectation about the house created in the minds of the Barneses at the time of their purchase of the house from the Shipmans. Those ex-

pectations would have arisen out of the bargaining which took place between them. Defendant-builder did not engage in that bargaining and thereby participate in establishing the perimeters of any expectations. And the expectations of bargaining parties end up translated into the purchase price. Defendant-builder had nothing to do with determining the purchase price paid by the Barneses.

The law governing sales between private individuals and in business has its source in the common law and in statute. In the area of commercial law, many choices have been made by Indiana in enacting the Uniform Commercial Code-Sales, Ind. Code § 26-1-2-318, Burns § 19-2-318. No express or implied warranty is created by the UCC which would protect the plaintiffs here, had they purchased a used piano from a private party instead of a used house. And at common law, there would be no warranty from defendant-builder upon which these plaintiffs might rely, because they had no contract with defendant-builder. 25 I.L.E. *Sales of Personalty* § 102. It seems to me that the majority opinion extends the liability of the home builder beyond that of manufacturers of items of personal property, a result difficult to support.

I must also point out that the judicially created warranty of fitness for habitation is an ill-defined concept, and for this reason should not be extended to cover doubtful situations. What type of defect in a house will subject the builder-vendor to liability? Certainly, a latent defect may occur in a house twenty years or longer after construction. When does the claim for breach of an implied warranty accrue? Is there a time limitation upon the bringing of such claims? These unanswered questions and the absence of any sound or persuasive juridical rationale for the imposition of liability upon the defendant-builder in this case create for me an obstacle to exercising my judicial authority as a common law judge to create such liability. This change in the law should come about if at all through legislative action. That body alone

would have the authority to set a time limitation upon any such liability, which seems to me to be indispensable to a just rule of law governing the liability of a builder to remote purchasers of the houses he builds and sells.

Prentice, J., concurs.

NOTE.—Reported at 342 N.E.2d 619.