BARBARA J. MELLANDER, Plaintiff-Appellant, *v.* W. F. KILEEN, Defendant-Appellee.

Fourth District   No. 16006

■■■■■

Opinion filed July 17, 1980.

James M. Lestikow and Richard J. Durbin, both of Durbin & Lestikow, of Springfield, for appellant.

Charles H. Northrup and Elizabeth A. Evans, both of Sorling, Northrup, Hanna, Cullen & Cochran, of Springfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

In this appeal the plaintiff quite frankly and honestly asks us to extend the public policy created in *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154. In that case the supreme court declared as a matter of public policy that an implied warranty of habitability exists between a builder-vendor of a dwelling and the vendee thereof. Plaintiff contends that as a matter of similar public policy the warranty should be extended to subsequent purchasers. Her theory is that the existence of potential damage suits for breach of the warranty would force a greater sense of responsibility on the construction industry. We admit that the theory has considerable philosophical appeal in the current times when, as noted in *Petersen*, houses are often mass-produced in the manner of chattels. Yet we are unable to discern any firm legal basis for it without doing violence to long-standing distinctions between tort and contract and between realty and personalty.

The facts of the instant case are quite simple and not essentially controverted. Prior to September 1976 defendant constructed the residence here involved and conveyed it to one Edwards by deed. On or about November 22, 1978, Edwards conveyed to plaintiff. In June 1979 plaintiff filed suit against defendant alleging that the roof of the residence was defective and did not protect the residence against the elements. She further alleged that the defect was latent and not discoverable by her or her predecessor in title and that the leakage interfered with her legitimate expectations in inhabiting the dwelling.

On motion of the defendant, the circuit court of Sangamon County dismissed the complaint and entered judgment for defendant on the basis that the warranty of habitability created in *Petersen* extends only to a vendee having contractual relations with the builder-vendor.

■■ In approaching the problem it will be helpful first to examine some of the language in *Petersen* in an effort to determine the exact nature of the warranty of habitability. The court said:

> "* * * [W]e feel that it is appropriate to hold that in the sale of a new house by a builder-vendor, there is an implied warranty of habitability * * * which will avoid the unjust results of *caveat emptor* and the doctrine of merger.
>
> * * *
>
> The implied warranty does not arise as a result of the execution of the deed. It arises by virtue of the execution of the agreement between the vendor and the vendee. * * * The implied warranty arises with the execution of the contract and survives the delivery of the deed." (76 Ill. 2d 31, 39-41, 389 N.E.2d 1154.)

It is thus clear from the language of the court that the implied warranty sounds in contract, not in tort. It is also clear that the court was thinking in terms of conveyancing because of its frequent use of terms traditionally associated with real estate, *e.g.*, "vendor," "vendee," "deed," "merger." The language found in the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1977, ch. 26, par. 2—101 *et seq.*), "merchant," "buyer," "present sale," are notably absent.

The *Petersen* court did make reference to the Uniform Commercial Code in its opinion but that reference was limited to two peripheral questions: (1) A more descriptive and informative label for the implied warranty, and (2) the validity of a disclaimer. Both references were by analogy only.

■■■ This, then, being a contract action, it is essential to plaintiff's cause of action that she establish privity with defendant. "The action [breach of contract] may not be brought by one not a party to the contract or in privity." (92 C.J.S. *Vendor & Purchaser* §586 (1955).) It is quite apparent from the record that plaintiff is not in privity with defendant.

It is true that the doctrine of privity has been almost entirely eliminated in tort actions, particularly in cases of strict liability. It has also been eliminated under section 2—318 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 2—318; *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.) However, no case has been called to our attention, nor have our own researches revealed any, in which have held that privity is unnecessary to a breach of contract action. Even by analogy, section 2—318 of the Uniform Commercial Code would be of no assistance to plaintiff since it requires personal injuries and none are pleaded in the instant case, and this court has recently held that a subsequent purchaser is not a third-party beneficiary of implied warranties. *Altevogt v. Tom Brinkoetter & Co.* (1980), 81 Ill. App. 3d 711, 401 N.E.2d 1302.

Plaintiff asks us to adopt a decision of the Indiana Supreme Court in *Barnes v. MacBrown & Co.* (1976), 264 Ind. 227, 342 N.E.2d 619. In that case the court by a 3-2 majority extended the implied warranty of habitability to a subsequent purchaser. However, it did so by citing a strict liability case as precedent and equating the sale of a home to the sale of personal property. In our judgment this was an unwarranted extension of a tort/personal property concept into the contract/vendor and purchaser field. Also, the Indiana court appeared to view the whole matter in terms of damages by stating that a distinction between economic loss and personal injury was without merit. We find ourselves unready to adopt a theory which says that the *ad damnum* determines the form of action. In a related field of law, we note that our supreme court has recently reaffirmed status doctrine in a case of premises liability. *Suren Pashinian v. Alex Haritonoff* (1980), 81 Ill. 2d 377, 410 N.E.2d 21.

We therefore hold that the implied warranty of habitability is a contract action concerning real estate and extends only to those in privity to the contract. The order of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and TRAPP, JJ., concur.