The **RIDGE COMPANY, INC.; St. Joe Distributing Company, Inc., Plaintiffs,**

v.

**NCR CORPORATION; Control Data Corporation, c/o C.T. Corporate System, 1011 Merchants Bank Bldg., Indianapolis, Indiana; Magnetic Peripheral, Defendants.**

No. S 81–373.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 20, 1984.

Joseph L. Amaral, South Bend, Ind., for plaintiffs.

Dennis A. Lieberman, Dayton, Ohio, Terry A. Crone, South Bend, Ind., for NCR Corp.

Roland Obenchain, Thomas F. Lewis, Jr., South Bend, Ind., for Control Data/Magnetic Peripheral.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court on the motion for summary judgment of defendants, Control Data Corporation (Control Data) and Magnetic Peripheral, Inc. (Magnetic). Control Data and Magnetic contend that since privity of contract is required in Indiana to enforce implied warranty claims alleging only economic harm, and no privity exists between plaintiffs and either defendant, they are entitled to judgment as a matter of law on Counts I and III of plaintiffs' second amended complaint. Magnetic further argues that it is entitled to summary judgment on Count VII of plaintiff's second complaint in that the date of such complaint is more than two (2) years after plaintiffs' cause of action accrued. For the reasons set forth below, defendants' motion for summary judgment is granted.

This action arises from the sale of an NCR computer system to the plaintiffs, the Ridge Company, Inc. (Ridge Company) and St. Joe Distributing Company, Inc. (St. Joe Distributing), both of which are Indiana corporations. Plaintiffs owned and operated NCR equipment for several years prior

to the acquisition of the Model 8410 computer system which is the subject of plaintiffs' complaint. Having made the decision to acquire a computer system, the plaintiffs leased the equipment through United States Leasing Corp. instead of directly purchasing it through NCR Corporation. The plaintiffs have alleged frequent malfunction of the equipment since its delivery. Magnetic, a Minnesota corporation, manufactured one of the components included in the computer system obtained by the plaintiffs from NCR, specifically the Model 6590 Disc Drive Unit. Control Data purchased the unit from Magnetic and sold it to NCR.

Plaintiffs commenced this action by filing a complaint in the St. Joseph County, Indiana, Superior Court on October 8, 1981. Thereafter, on November 2, 1981, this case was removed to this court from the St. Joseph County, Indiana, Superior Court. At that time, NCR was the only defendant in this action. Plaintiffs filed an amended complaint adding Control Data as a defendant on January 3, 1983. A second amended complaint was filed on September 19, 1983 adding Magnetic as a third defendant.

Plaintiffs allege nine (9) separate counts for relief in their second amended complaint. Counts III and IV pray for judgment against Control Data while Counts III, IV and VII pray for judgment against Magnetic. Count III is premised upon breach of an implied warranty of merchantability while Count IV alleges breach of an implied warranty against latent defects.[1] Count VII alleges that NCR and Magnetic negligently designed and manufactured the Model 6590 Disc Drive unit, marketed and sold to plaintiffs by NCR as its own product.

Control Data and Magnetic filed their motion for summary judgment on August 1, 1984. Plaintiffs' response was docketed on August 31, 1984. A hearing was held on this motion on October 5, 1984 in South Bend, Indiana. Jurisdiction of this court is predicated upon diversity of citizenship, 28 U.S.C. § 1332. Since jurisdiction is based upon diversity of citizenship, this court must apply the substantive law of the state of Indiana. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Gonzalez v. Volvo of America Corporation,* 734 F.2d 1221 (7th Cir.1984).

I.

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984). This court must view the evidence, and the reasonable inference to be drawn from the evidence, in the light most favorable to the party opposing summary judgment. *Id.* With these standards in mind, the court turns to the first issue presented by the motion for summary judgment of Control Data and Magnetic.

Inasmuch as Indiana law requires privity of contract to enforce implied warranty claims in a case of economic loss and no privity exists between plaintiffs and Control Data and plaintiffs and Magnetic, those defendants contend that they are entitled to summary judgment as to Counts III and IV of plaintiffs' second amended complaint. Plaintiffs acknowledge that Indiana law is adverse to their position and

---

1. Under the Uniform Commercial Code as enacted in Indiana, Ind.Code § 26–1–1–101 *et seq.,* there are two implied warranties, merchantability (Ind.Code § 26–1–2–314) and fitness for a particular purpose (Ind.Code § 26–1–2–315). There is no specific implied warranty against latent defects. Plaintiffs represent that such implied warranty is included in the implied warranty of merchantability. *See* Plaintiffs' Response to Motion of Defendant, NCR Corporation, for Summary Judgment, p. 17: "3. Implied Warranty Against Latent Defects—This is closedly related to the warranty of merchantability described above and the issue of fact for merchantability is also an issue of fact from which a breach of the implied warranty against latent defects might be found."

urge this court to abolish privity of contract as a requirement in cases of economic loss foreseeable by a manufacturer.

■ It is the rule in Indiana that privity must be shown in order to sue for breach of the implied warranty of merchantability. *Candlelight Homes v. Zornes*, Ind.App. 414 N.E.2d 980 (1981); *Lane v. Barringer*, Ind.App. 407 N.E.2d 1173 (1980). *See also Sanco, Inc. v. Ford Motor Co.*, 579 F.Supp. 893 (S.D.Ind.1984). Privity of contract relates to the bargained for expectations of the buyer and the seller. *Richards v. Goerg Boat and Motors, Inc.*, 179 Ind.App. 102, 384 N.E.2d 1084 (1979). Therefore, when a cause of action rises out of economic loss related to the loss of the bargain or profits and consequential damages related thereto, the bargained for expectations of the buyer and the seller are relevant and privity between them is still required. *Richards*, 179 Ind. App. at 102, 384 N.E.2d at 1092 citing White & Summers, *Uniform Commercial Code* (1972).

It is clear from the record before the court that neither Control Data nor Magnetic were parties to the lease-purchase of the equipment involved in this case. Moreover, at the time of the sale plaintiffs were unaware that Control Data or Magnetic manufactured any of the allegedly defective computer equipment. *See* Plaintiffs' Answer to Request for Admissions of Defendants Control Data Corporation and Magnetic Peripheral, Inc. (July 11, 1984.)[2]

■ However, exceptions exist to the general rule requiring privity. A suit in implied warranty is permissible despite lack of privity, when the contractual arrangements between the manufacturer and the dealer create an agency relationship and where it is shown that the manufacturer's agents participate significantly in the sale by means of advertising and personal contact with the buyer. *Thompson Farms v. Corno Feed Products*, 173 Ind.App. 682, 366 N.E.2d 3 (1977). An exception has been found to exist where the manufacturer's agents participated significantly in the sale absent an agency relationship with the dealer. *Richards, supra.*

■ Again, the evidence in this record indicates the exceptions to the general rule do not apply to this case. There is no evidence in the record to indicate that Control Data and Magnetic were involved in advertising, purchasing negotiations, repairs, or indeed, engaged in any type of personal contact with plaintiffs. Neither Control Data nor Magnetic put their name on the computer equipment at issue, sold through NCR as an authorized dealer or made any repairs to the plaintiffs' equipment.

In the absence of a ruling from the Supreme Court of Indiana directly on this issue and within the factual context of this case, plaintiffs urge this court to refuse to automatically apply existing state court

2. REQUEST NO. 1: Neither plaintiff had any contact whatsoever with defendants, Control Data Corporation or Magnetic Peripheral, Inc., before entering into that certain lease-purchase agreement described in plaintiff's second amended complaint.
RESPONSE:
ADMITTED
REQUEST NO. 2: Plaintiffs, in their dealings with the defendant NCR Corporation, leading up to the lease-purchase of computer equipment that is the subject of their complaint were under the impression that said computer equipment was manufactured by NCR Corporation.
RESPONSE:
ADMITTED
REQUEST NO. 3: Plaintiffs discovered after filing suit against NCR Corporation solely that NCR Corporation did not manufacture the computer equipment that is the subject of this lawsuit.
RESPONSE:
ADMITTED
REQUEST NO. 4: The computer equipment that is the subject of this lawsuit was labeled with an NCR Corporation marking or label and is not marked or labeled Control Data Corporation or Magnetic Peripheral, Inc.
RESPONSE:
ADMITTED
REQUEST NO. 8: Neither Control Data Corporation nor Magnetic Peripheral, Inc. participated in the negotiations leading up to that certain lease-purchase agreement described in plaintiffs' second amended complaint:
RESPONSE:
ADMITTED

precedent in this case. This court is cognizant of its right, in a situation such as this, to predict how the state's highest court would decide were it confronted with the problem. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Town of East Troy v. Soo Line Railroad Company*, 653 F.2d 1123, 1128–29 (7th Cir.1980), *cert. denied*, 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). However, after careful research, this court finds neither confusion or ambiguities in the Indiana decisions nor a developing line of case authority contrary to the established law of privity in this state.

Plaintiffs cite to the case of *Barnes v. MacBrown and Company, Inc.*, 264 Ind. 227, 342 N.E.2d 619 (1976) in an effort to show the Supreme Court of Indiana's dissatisfaction with the privity requirement. Specifically, they quote the court as saying "[t]he traditional requirement of privity ... is an outmoded one." The full quotation reads, "The traditional requirement of privity between a *builder-vendor* and a *purchaser* is an outmoded one." *Barnes*, 264 Ind. at 229, 342 N.E.2d at 620. (Emphasis added.) The *Barnes* case deals with the breach of an implied warranty of fitness for habitation and having read the opinion in its entirety, this court finds no evidence of desire on the part of the highest court of this state to abrogate the privity requirement in any but this specific instance. Accordingly, there being no privity between plaintiffs and Control Data and Magnetic, Counts III and IV of plaintiffs' second complaint are dismissed as to these defendants.

## II.

Count VII of plaintiffs second amended complaint alleges that Magnetic "negligent-ly designed and manufactured the Model 6590 Disc Drive unit supplied to the defendant, NCR Corporation, and sold to plaintiffs." In order for this amended complaint to be effective, it must relate back to the date of filing of the original complaint pursuant to the provisions of Fed.R.Civ.P. 15(c)[3]. Magnetic argues that the amended complaints do not relate back in that they add new defendants without satisfying the requirements of Rule 15(c).

Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of amended pleadings involving new parties. It allows an amendment to relate back to the date of the original pleading if three prerequisites are satisfied. Those requirements are:

1. The claim alleged in the amended complaint must arise out of the same occurrence set forth in the original pleadings;

2. within the period provided by law for commencing the action against him, the party to be substituted by amendment has received such "notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits", and

3. within the period provided by law for commencing the action against him, the party to be substituted by amendment knew or should have known that, but for a "mistake" concerning the identity of the proper party, the suit would have been brought against him.

*Norton v. International Harvester Co.*, 627 F.2d 18, 20 (7th Cir.1980).

This court is of the opinion that the requirements for the application of the doc-

---

**3.** Fed.R.Civ.P. 15(c) reads in pertinent part:
    (c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provid-

ed by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
    \*   \*   \*   \*   \*   \*

trine of relation back pursuant to Rule 15(c) have not been met in this case.

The claims asserted against Magnetic clearly arose out of the same occurrence set forth in the original complaint against NRC. The claims relate to the alleged malfunctions of the Model 8410 computer system commencing November 1979. Thus, there can be no question that the first requirement for application of the relation back doctrine has been met.

The second requirement of Rule 15(c) deals with notice and it is this prerequisite that raises an obstacle to plaintiffs. In order for an amendment changing a party to take effect, the party to be brought in by amendment must receive notice of the institution of the action within "the period provided by law for commencing the action against him ...." Two statutes of limitations may apply in this case, Ind.Code § 34–1–2–2[4] (injury to personal property) or Ind.Code § 33–1–1.5–5[5] (products liability statute of limitations). For purposes of this analysis, it is irrelevant which of the two statutes is the proper one since both are two (2) year statutes and the time element involved is the same.

Magnetic contends there are four (4) possible dates on which plaintiffs action accrued. The first is the date of manufacture of the disk drive unit. The unit was sold and shipped to Control Data from Magnetic on October 31, 1979. While the exact date of manufacture has not been established, it had to be prior to the date of shipping. Therefore, the relevant date is October 31, 1979. The second date of significance is the date of sale of the disk drive unit from Magnetic to NCR. There being no direct sale from Magnetic to NCR, this date cannot be ascertained. The third possible accrual date is the date of sale of the disk drive unit from NCR to plaintiffs that being November 16, 1979. The final date of possible accrual is the date a field engineer from NCR allegedly damaged the computer system and that has been established as December 31, 1980. Thus, December 31, 1980 represents the latest day of accrual of the cause of action at issue.

■ Plaintiffs' second amended complaint adding Magnetic as defendant was filed September 19, 1983. The record demonstrates that Magnetic received actual notice of the action by means of a filed complaint after the statute of limitations had run. Alternatively, plaintiffs may rely on the theory of constructive notice. Magnetic is a wholly owned subsidiary of Control Data. If Control Data had timely notice of the suit, Magnetic would at least have had constructive, if not actual, notice of the pending action. However, Control Data itself was not sued within the statutory period. Assuming *arguendo* that the latest of defendants' proffered accrual dates, December 31, 1980, was the actual date of accrual of plaintiffs' cause of action, Control Data was not served within two (2) years of this date, having been added as a defendant by plaintiffs' Amended Complaint filed January 3, 1983. Thus, an untimely suit against Control Data cannot be held to be proper notice to Magnetic of suit against it. To allow the suit to go forward under these conditions would prejudice Magnetic in that it would be deprived of the defense of the statute of limitations. Having found that the notice requirement has not been complied with, the court need

---

**4.** Ind.Code § 34–1–2–2 reads in part:
Sec. 2. The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:
(1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years.

**5.** Ind.Code § 33–1–1.5–5 reads:
Sec. 5. Statute of Limitations. This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, any product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight (8) years but not more than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

not determine whether the third prerequisite of Rule 15(c) has been met.

Accordingly, it is the order of this court that Counts III and IV of the second amended complaint be DISMISSED as to defendants, Control Data Corporation and Magnetic Peripheral, Inc.; it is further ordered that Count VII of the second amended complaint be DISMISSED as to defendant, Magnetic Peripheral, Inc. Each party will bear its own costs. SO ORDERED.