Jerry DECKARD, Appellant
(Defendant Below),

v.

Jimmy L. RATCLIFF and Norda Ratcliff, Appellees (Plaintiffs Below).

No. 53A01–9001–CV–1.

Court of Appeals of Indiana,
First District.

May 3, 1990.

Vincent S. Taylor, Taylor, Hoff & Bauer, Bloomington, for appellant.

ROBERTSON, Judge.

The defendant-appellant Jerry Deckard appeals from a $3000 judgment entered after a bench trial in favor of the plaintiffs, Jimmy L. and Norda L. Ratcliff. The Ratcliffs filed a small claim against Deckard alleging a breach of an implied warranty on a home.

We reverse.

Deckard built a home in 1979 and lived in it for a period of about eight years. He built the home for his family to live in; however, because of a drop in his income, he sold the home to the Hendersons. About a year and one half later, the Hendersons sold the home to the Ratcliffs.

The Ratcliffs discovered that a sewer pipe was not properly vented, which caused problems with insects. The Ratcliffs had it repaired without consulting Deckard. Deckard admitted at trial that that was the way the house had been built, that it had caused no problems while he and his family lived there, and that when he built the house he did not use licensed plumbers because the house was not being built for resale.

■ Our first observation is that the Ratcliffs have not filed an appellee's brief; therefore, if Deckard makes a prima facie showing of reversible error the judgment will be reversed. *Wagner Const. Co., Inc. v. Noonan* (1980), Ind.App., 403 N.E.2d 1144.

■ We are of the opinion Deckard presents reversible error in his second issue in which he argues that he was never given the opportunity to repair the defect. The following from *Wagner*, 403 N.E.2d at 1150, is dispositive:

We hold that before a purchaser of a residence may seek damages from the builder-vendor for an alleged breach of implied warranty of fitness for habitation, wherein the damages sought are based upon the cost of repair or diminution in value of the residence, the purchaser must, as a condition precedent to recovery, give notice of the defect and alleged breach of warranty to the builder-vendor thus affording the builder-ven-

dor an opportunity to remedy the defect. No particular form of notice is required, but the purchaser must at least inform the builder-vendor of the problem and give him a reasonable opportunity to cure or repair. [Ratcliff] did not meet the test of this condition precedent and, therefore, the judgment in his favor must be reversed on this ground.

403 N.E.2d at 1150.

We have a serious question as to whether Deckard was, in fact, a builder-vendor; however, if he was not he would be held to an even lower standard of warranty of habitability. *See, e.g., Callander v. Sheridan* (1989), Ind.App., 546 N.E.2d 850.

Judgment reversed.

RATLIFF, C.J., concurs in result.

STATON, J., concurs in result with separate Opinion.

STATON, Judge, concurring in result.

I agree that a builder-vendor cannot be held liable for a breach of the implied warranty of fitness for habitability if he has not been given a reasonable opportunity to cure or repair the defect. *Wagner Construction Co., Inc. v. Noonan* (1980), Ind. App., 403 N.E.2d 1144, 1150. However, this reasoning would not be applicable without first finding that Deckard was a builder-vendor who had breached the implied warranty of habitability.

Deckard was a builder-vendor. He testified that he built and sold the house. R. 167, 168. Deckard contends that because he is not in the business of selling homes, and because he lived in the house for several years before he sold it, he is not a builder-vendor. These facts do not affect his status as a builder-vendor. When Deckard sold the house, he assumed the attached liability of a builder-vendor to a subsequent buyer. *Callander v. Sheridan* (1989), Ind.App., 546 N.E.2d 850, *reh. denied, trans. pending.*

The next question which must be addressed is whether there was a breach of the implied warranty of habitability. The Indiana Supreme Court initially applied this warranty to builder-vendors in *Theis v.*

*Heuer* (1972), 264 Ind. 1, 280 N.E.2d 300, 306. In *Theis* our supreme court held that there is an "implied warranty of fitness for inhabitation in the sale of a new house by the builder-vendor to the immediate purchaser." *Id.* The warranty was extended to subsequent purchasers by *Barnes v. Mac Brown and Company, Inc.* (1976), 264 Ind. 227, 342 N.E.2d 619, 620.

In *Barnes* our supreme court limited this liability to latent defects. *Barnes,* 342 N.E.2d at 621. According to Indiana law there are three components to a latent defect:

1. It is not discoverable by a purchaser's reasonable inspection;

2. It manifests itself after purchase; and,

3. It substantially impairs enjoyment of the residence.

The defect the Ratcliffs complain of does not fit this definition of a latent defect. A latent defect is not discoverable by a purchaser's reasonable inspection. The Ratcliffs discovered an improperly vented sewer pipe when they inspected the house; the defect they complained of after purchase was also an improperly vented sewer pipe. Discovery of the first should have put them on notice that other pipes may not have been properly vented. A reasonable inspection would have included examination of the venting of all sewer pipes. Furthermore, because the discovery of one of these improperly vented pipes was made prior to purchase, the defect did not first manifest itself after purchase.

Assuming arguendo that there was a latent defect, liability for a breach of the implied warranty does not automatically follow. A builder-vendor is not eternally liable for latent defects. There is a statute of repose which limits this liability to ten years after the construction has been substantially completed. IC 34-4-20-2 (Burns Code Ed., 1986 Replc.); *Wagner* at 1148 (notes that this statute applies to action for breach of the implied warranty of habitability). Mr. Deckard testified that he substantially completed construction of the house in October 1979. R. 175. Not quite

ten years later, in June of 1989, the Ratcliffs filed their complaint for breach of the implied warranty. Had their complaint been filed a few months later, it would have been barred by the statute of repose.

If the action is timely and a latent defect has been discovered, the standard to be applied in determining whether there has been a breach of the implied warranty is one of reasonableness in light of the surrounding circumstances. *Barnes* at 342 N.E.2d at 621. Among the factors to be considered are the age and maintenance of the home, its use, and any other factors that should be considered in order for the factfinder to make the determination of reasonableness. See *Id.* This must be done on a case-by-case basis.

Our legislature recognized the factual nature of this issue when it enacted a statutory scheme which allows a builder to disclaim implied warranties in exchange for making express statutory warranties. IC 34–4–20.5–1—IC 34–4–20.5–11 (Burns Code Ed., 1989 Supp.). In order for a disclaimer of the implied warranty to be valid the buyer must sign a waiver with statutory language stating in pertinent part:

> Implied warranties are unwritten warranties relating to the reasonable expectations of a homeowner with regard to the construction of the homeowner's home, as those reasonable expectations are *defined by the courts on a case-by-case basis.*

IC 34–4–20.5–9(b) (our emphasis). Findings of fact by the trial court would aid this court in review of this factual determination.

Deckard did not breach the implied warranty of habitability; therefore, he had no duty to repair the defect. For these reasons I concur only in the result.