Charles S. **ROGERS** and Sandra R. Rogers, Appellants (Plaintiffs Below),

v.

Gene **LEWTON,** Appellee
(Defendant Below).

No. 27A04–9006–CV–289.

Indiana Court of Appeals,
Fourth District.

April 30, 1991.

E. Dean Singleton, UAW–GM Legal Services Plan, Marion, for appellants.

Michael D. Conner, Browne Spitzer Herriman Browne Stephenson & Holderead, Marion, for appellee.

CHEZEM, Judge.

### Case Summary

Plaintiffs–Appellants, Charles and Sandra Rogers (Rogers), appeal from the summary judgment entered for Defendant–Appellee, Gene Lewton (Lewton). We reverse.

### Issue

The Rogers present one (1) issue for our review, which we restate as follows:

Whether the trial court erred in granting summary judgment based on its determination that Lewton was *not* a "builder-vendor" who owed an implied warranty of habitability to the Rogers.

### Facts and Procedural History

In 1979, Lewton decided to build a house for his family on a lot that he owned in Marion, Indiana. He acquired unmodified plans and frames from the Marion Lumber Company, and hired subcontractors to do various portions of the construction. The work he did himself included the installation of drywall, trim, electric ceiling heat, and kitchen cabinets.

In 1986, Lewton sold the house to the Rogers. Two years later the Rogers discovered that their septic system discharged into the lake behind their house. The Grant County Health Department told the Rogers that the discharge system was illegal, and ordered it replaced by an acceptable waste filtration system. The Rogers notified Lewton of the problem; Lewton refused to pay for the new system. Thereafter, the Rogers had the new filtration system installed for $1,977.50, and filed their Complaint against Lewton.

The original septic system was installed by Larry Bright of Bright's Sewer & Septic Tank Service. Lewton did not participate in installing the septic system, nor did he direct the methods or design used by Bright.

### Discussion and Decision

This is an appeal from an entry of summary judgment, and our standard of review in such cases is well-established. When reviewing a summary judgment, the standard on review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Farm Bureau Co-op v. Deseret Title Holding Corp.* (1987), Ind. App., 513 N.E.2d 193, 195, *reh. denied.* Therefore, we stand in the position of the trial court and consider the same matters. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 161. All evidence must be construed in favor of the non-movant, and all doubts as to the existence of a material issue must be resolved against the movant. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *ITT Commercial Finance Corp. v. Union Bank & Trust Co.* (1988), Ind.App., 528 N.E.2d 1149, 1152. A fact is material for summary judgment purposes if it helps to prove or disprove an essential element of plaintiff's cause of action. *Delk v. Board of Commissioners of Delaware County* (1987), Ind.App., 503 N.E.2d 436, 438.

The Rogers argue that the trial court erred in determining that Lewton was *not* a "builder-vendor" who owed them an implied warranty of habitability. In particular, they claim "Lewton acted as his own general contractor on the project, and [thus] liability under the builder-vendor's implied warranty of habitability attached to him." We agree.

For many years the doctrine of *caveat emptor* applied to the purchase of real estate in Indiana. Buyers were supposed to protect themselves by carefully examining the real estate before purchasing it. But this doctrine was discarded by the Indiana Supreme Court in *Theis v. Heuer* (1972), 264 Ind. 1, 280 N.E.2d 300, 306. In its place, the Court adopted "[an] implied warranty of fitness for inhabitation in the sale of a new house by the builder-vendor to the immediate purchaser." *Id.* Several years later, the warranty was extended to

subsequent purchasers of houses. *Barnes v. Mac Brown and Company, Inc.* (1976), 264 Ind. 227, 342 N.E.2d 619, 620. The warranty was then limited to "builder-vendors" by *Vetor v. Shockey* (1980), Ind.App., 414 N.E.2d 575, 577.

In essence, the implied warranty of habitability protects a purchaser of real estate from latent defects in a house. As this court has previously stated:

> The implied warranty of fitness for habitation does not require that the dwelling be rendered totally uninhabitable before there is a breach of the warranty. Rather, breach of the warranty is established by proof of a defect of a nature which substantially impairs the enjoyment of the residence.
>
> \*   \*   \*   \*   \*   \*
>
> It is sufficient to support such a claim if, because of the defect, the owner's use and enjoyment of his dwelling as a place of human habitation was substantially impaired.

*Wagner Construction Co., Inc. v. Noonan* (1980), Ind.App., 403 N.E.2d 1144, 1148–1149.

In the present case, the trial court based the summary judgment on its determination that "Defendant was not a builder-vender [sic] of the septic system in question." In addition, Lewton argues that he cannot be liable because "Indiana [c]ourts have applied the warranty only to cases where the builder-vendor has taken a direct, active role over the defect at issue," and he had nothing to do with the septic system "[o]ther than hiring Bright."

The fact that Lewton did not install the septic system does not change the fact that he was the general contractor on the job. The evidence shows that Lewton decided to build a house in 1979. He acquired plans for the house from the Marion Lumber Company. He hired subcontractors to do various portions of the construction. Lewton then installed the drywall, trim, electric ceiling heat, and kitchen cabinets. While the record does not show that Lewton performed all of the activities of a general contractor, at this stage the evidence must be construed in favor of the Rogers and against Lewton. *ITT Commercial,* 528 N.E.2d at 1152.

The law is clear that the implied warranty of habitability applies to a builder-vendor who acts as his own general contractor. *Callander v. Sheridan* (1989), Ind.App., 546 N.E.2d 850, 853, *reh. denied.* This is the case even where the person is not in the business of building and selling homes for profit. *Id.* Where a person undertakes the responsibility of a general contractor, "he must also accept the attached liability of a builder-vendor to a subsequent buyer." *Id.* The warranty has never been limited to defects in work performed or supervised by the general contractor. Lewton has failed to cite any law which supports his argument.

Reversed.

RATLIFF, C.J., and MILLER, J., concur.